IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| MICHAEL SPREADBURY, | CV 10-81-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, NATIONAL INSTITUTES OF HEALTH, FRANCIS COLLINS, and MARSHAL BLOOM, | |
| Defendants. | |

_____

# I.  INTRODUCTION AND *IN FORMA PAUPERIS* MOTION

This matter is before the Court upon Plaintiff Michael Spreadbury's Complaint and his Motion to Proceed In Forma Pauperis.  Spreadbury is proceeding *pro se* in this action.

With respect to his *in forma pauperis* motion, Spreadbury submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Spreadbury lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **GRANTED**.  This

1

action may proceed without prepayment of the filing fee, and the Clerk of Court shall file Spreadbury's Complaint as of July 30, 2010.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Spreadbury's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Spreadbury's Complaint alleges Defendants violated provisions of the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321 et seq.,

in relation to certain demolition and construction projects at the Rocky Mountain Laboratories in Hamilton, Montana. Named as Defendants are the National Institutes of Health - an agency of the United States Department of Health and Human Services - which operates the Rocky Mountain Laboratories, Francis Collins - Director of the National Institutes of Heath, and Marshal Bloom - Director of the Rocky Mountain Laboratories.

Spreadbury alleges Defendants have failed to adequately plan their projects in violation of NEPA. Spreadbury also advances causes of action against Defendants which purportedly arise under the law of the State of Montana. Therefore, Spreadbury requests declaratory and injunctive relief from the Court.

### III.  DISCUSSION

Because Spreadbury is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As a threshold matter, the Court must consider whether it has jurisdiction over this action. The federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). A district court may dismiss an action *sua sponte* whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

As with any case filed in federal court, a plaintiff's complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Read liberally, Spreadbury's Complaint invokes federal question jurisdiction under 28 U.S.C. § 1331. As plaintiff, Spreadbury bears the burden of proof for establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Spreadbury has failed to sustain this burden.

The limited jurisdiction of the federal courts requires that a plaintiff must have "standing" to assert the claims the plaintiff advances in the complaint. Article III of the United States Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies.'" *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). "[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies[,]" and standing is an essential element of the case-or-controversy requirement under the Constitution. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-42 (2006) (citations and quotations omitted). A federal court cannot issue advisory opinions or declare rights in hypothetical cases. *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134, 1138 (9th Cir. 2000). "[A]bstract questions" do not give rise to a live "case" or "controversy." *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 297 (1979). Finally, the federal courts "have 'an obligation to assure ourselves' of litigants' standing under Article III." *DaimlerChrysler Corp.*, 547 U.S. at 340 (quoting *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180 (2000)).

The plaintiff bears the burden of establishing standing to sue, and must do so by satisfying three essential elements of standing.

> "[T]he irreducible constitutional minimum of standing contains three elements," all of which the party invoking federal jurisdiction bears the burden of establishing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). First, the plaintiff must prove that he suffered an "injury in fact," i.e., an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 560 (citations, internal quotation marks, and footnote omitted). Second, the plaintiff must establish a causal connection by proving that her injury is fairly traceable to the challenged conduct of the defendant. *Id*. at 560-61. Third, the plaintiff must show that her injury will likely be redressed by a favorable decision. *Id*. at 561.

*Chandler v. State Farm Mutual Automobile Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Spreadbury's claims in this case allege that Defendants have failed to comply with the requirements imposed under NEPA. The claims, therefore, assert a procedural, rather than a substantive injury. *Nuclear Information and Resource Service v. Nuclear Regulatory Commission*, 457 F.3d 941, 949 (9th Cir. 2006). To establish a cognizable procedural injury in fact under NEPA, a plaintiff must allege that:

> (1) the [agency] violated certain procedural rules; (2) these rules protect [a plaintiff's] concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests.

*Nuclear Information*, 457 F.3d at 949 (citation and quotation omitted). A cognizable injury may exist where an agency fails to prepare a proper environmental impact statement under NEPA, but only if "the plaintiff also alleges a 'concrete' interest - such as an aesthetic or recreational interest - that is

6

threatened by the proposed action." *Nuclear Information*, 457 F.3d at 949-50 (citations omitted).  The requisite "concrete interest" in support of a claim under NEPA must involve "a 'geographic nexus' between the individual asserting the claim and the location suffering an environmental impact." *Id*. at 950 (citations omitted).

Additionally, Spreadbury cannot advance his claims directly under NEPA because NEPA does not provide for a private right of action. *Nuclear Information*, 457 F.3d at 950.  Instead, a plaintiff's challenge to an agency's action under NEPA must be presented under the provisions of the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq.  Therefore, a plaintiff in a NEPA case must also satisfy the statutory requirements for standing under the APA which require as follows:

> [A] plaintiff "must establish (1) that there has been a final agency action adversely affecting [the plaintiff], and (2) that, as a result, [the plaintiff] suffers legal wrong or that [the plaintiff's] injury falls within the 'zone of interests' of the statutory provision the plaintiff claims was violated."

*Nuclear Information*, 457 F.3d at 950 (citation omitted).

Review of Spreadbury's Complaint reflects that he does not allege he has standing to pursue his claims.  Spreadbury does not allege any requisite personal "concrete interest" harmed by any activity conducted at the Rocky Mountain Laboratories, and he does not allege the existence of any "geographical nexus" he

7

has with the location of the Rocky Mountain Laboratories.  At best, Spreadbury alleges only that he is "a resident and natural person of the State of Montana[,]" and he lists his address as 700 So. Fourth Street in Hamilton, Montana.  Also, Spreadbury does not allege he has personally suffered any legal wrong, or that he has suffered any "injury [that] falls within the 'zone of interests' of the statutory provision the plaintiff claims was violated."  *Nuclear Information*, 457 F.3d at 950.

Based on the foregoing, Spreadbury's allegations fail to establish that he has standing to prosecute the claims he asserts under NEPA and the APA.  Consequently, Spreadbury has failed to establish that the Court may exercise federal question jurisdiction over the subject matter of his claims.  Furthermore, the Court finds Spreadbury's allegations do not suggest there exists any basis on which Spreadbury could cure the defects in his jurisdictional allegations.  Absent allegations of standing invoking this Court's jurisdiction, this action must be dismissed.

Accordingly, **IT IS HEREBY RECOMMENDED** that Spreadbury's Complaint should be **DISMISSED** without prejudice for lack of jurisdiction.

DATED this 12th day of August, 2010.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge